F I L E D

CLERK OF COURT

2026 JUL 29 PM 4:32

SUPERIOR COURT
OF GUAM

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CF0328-25** |
| | ) | GPD REPORT NO. 25-10362 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | DECISION AND ORDER |
| **CAMERON JOSE GUERRERO** | ) | RE. PEOPLE'S MOTION TO |
| *aka* **Cam** | ) | DISMISS WITHOUT PREJUDICE |
| DOB: 10/31/1991 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

The People of Guam's (the "People") Motion to Dismiss Without Prejudice first came before the Honorable Maria T. Cenzon on July 29, 2025, during the Pre-Trial Conference of this case. Present at that hearing for the People was Assistant Attorney General John David Griffin. Also present were Defendant Cameron Jose Guerrero ("Defendant") and counsel Thomas Fisher. At the hearing, the Court addressed the People's Motion to Dismiss Without Prejudice ("Motion to Dismiss"), which was filed the same day. The Court granted the Motion to Dismiss, but reserved jurisdiction in order to resolve the question of prejudice. *Pre-Trial Conference Hr'g Mins. 7/29/2025* at 1:30:21 PM (July 29, 2025). The Court issued a briefing schedule on September 19, 2025, and then again on January 9, 2026, after the Defendant failed to submit a response to the People's Motion. *See, Briefing Scheduling Order* (Sep. 19, 2025); *Am. Briefing Scheduling Order* (Jan. 8, 2026). After Defendant failed to submit its written counter-motion to

dismiss *with* prejudice on September 25, 2025, the Court extended the deadline to January 23, 2026. Despite the extension, Defendant failed to submit a response to the People's Motion or a counter-motion. The Court then set the hearing on the motion for March 30, 2026, and notice was served upon the parties *Am. Notice of Hr'g* (Mar. 17, 2026).

During the March 30, 2026, hearing, Assistant Attorney General Martin Reming appeared in person for the People. Defendant appeared by Zoom, but defense counsel Mr. Fisher did not appear. *Mins. Of Mot. Hrg. of 3/30/2026* at 9:14:53 AM (Mar. 30, 2026). Following the hearing, the Court took the matter under advisement pursuant to CVR 7.1(e)(6)(A) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM.

After reviewing the pleadings on file, the previous arguments of counsel and the applicable statutory and case law, the Court now issues the following Decision and Order **GRANTING** the People's Motion to Dismiss Without Prejudice.

## PROCEDURAL AND FACTUAL BACKGROUND

The Defendant was charged with Attempted Kidnapping (As a Second Degree Felony), with notice of Commission of a Felony While on Felony Release; Attempted Second Degree Robbery (As a Second Degree Felony), with notice of Commission of a Felony While on Felony Release; Attempted Thef by Threatening (As a Misdemeanor); Reckless Conduct (As a Misdemeanor); and Assault (As a Misdemeanor). *Indictment* (May 20, 2025). He was confined following the Magistrate's Hearing on May 13, 2025 and held on $5,000 bond. *Commitment Order* (May 13, 2025). The Defendant asserted his statutory right to a speedy trial on June 16, 2025. *Def.'s Assertion or Waiver of Stat. Speedy Trial Rights & Request for Jury of 12 in a Felony Case* (June 16, 2025). Trial was scheduled to begin on July 30, 2025. *Criminal Trial Scheduling Order* (July 1, 2025).

The People filed a written Motion to Dismiss on July 29, 2026. The Motion requested dismissal without prejudice "in light of recent statements made from the alleged victim," indicating that he did "not want to testify in this matter" and did "not wish to pursue the charges." *Mot. Dismiss* at 1 (July 29, 2025). At the continued Pre-Trial Conference the same day, the People stated that dismissal was necessary due to "witness availability problems." *Pre-Trial Conference Hr'g Mins. of 7/29/2025* at 1:27:51 PM to 1:29:57 PM. The People denied having a written statement from the victim expressing a desire not to testify, explaining that the victim did not attend a scheduled interview with prosecution staff and investigators. *Id.* at 1:33:00 PM to 1:33:25 PM. The Defendant argued that dismissal was not "for the proper purpose" and expressed concern about his speedy trial rights. *Id.* at 1:28:29 PM, 1:30:43 PM. The Court granted the Motion to dismiss and reserved the issue of whether dismissal should be with or without prejudice. *Id.* at 1:30:21 PM to 1:30:29 PM.

The Court held a hearing on the question of whether to dismiss the case with or without prejudice on March 30, 2026, but defense counsel did not appear. *Mot. Hr'g Mins. of 3/30/2026* at 9:14:53 AM. The Defendant appeared via Zoom and stated that he had since been charged in another case and convicted. *Id.* at 9:16:00 AM. The People and the Adult Probation Office informed the Court that the Defendant was awaiting sentencing for CF0865-25. *Id.* at 9:16:00 AM to 9:16:57 AM.

## DISCUSSION

Guam law sets forth the procedure by which a prosecutor may seek dismissal of an indictment:

> The prosecuting attorney may with leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant. The prosecuting attorney shall file a statement of his reasons for

seeking dismissal when he applies for leave to file a dismissal and where leave is granted the court's order shall set forth the reasons for granting such leave.

8 G.C.A. § 80.70(a). Section 80.70(a) does not distinguish between dismissal with prejudice and dismissal without prejudice. In considering a prosecutor's motion to dismiss under § 80.70(a), the Guam Supreme Court has explained that "the prosecutor is recognized as having a presumption of good faith in bringing the motion . . . and the motion should generally be granted as a matter of course." *People v. Gutierrez*, 2005 Guam 19 ¶¶ 51–52. The presumption is not absolute and may be rebutted by a showing that the prosecution lacked good faith. *Id.* ¶ 53. But a trial court's review remains narrow: the court assesses whether the motion is contrary to the manifest public interest because it is not based on the prosecutor's good faith discharge of her duties. *Id.* ¶ 57. Even when bad faith is shown, § 80.70(a) generally authorizes the trial court only to grant or deny the prosecutor's motion; it does not authorize a trial court to *sua sponte* dismiss an indictment with prejudice. *Id.* ¶¶ 69, 74–75.

When deciding whether dismissal should be with or without prejudice, trial courts consider three factors: "(1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of justice." *Guam v. Aromin*, 2014 Guam 3 ¶ 21. The second factor includes, but is not limited to, "the facts and circumstances surrounding the length of delay, government conduct, and actual prejudice suffered by the defendant." *Id.* The Court applies those principles below.

**A. The People's Motion satisfies 8 GCA § 80.70(a) and was brought in good faith.**

The People complied with § 80.70(a)'s procedural requirements. The Motion was filed before trial and contained a statement of reasons: the People represented that the alleged victim recently indicated that he did not want to testify and did not wish to pursue the charges. Mot. to Dismiss at 1. The People's explanation at the hearing record is consistent with that stated reason.

The People identified "witness availability problems," explained that the alleged victim had expressed reluctance to come forward, and further stated that the alleged victim did not appear at a scheduled interview with prosecution staff. *Pre-Trial Conf. Hr'g Mins. of 7/29/2025* at 1:27:51 PM, 1:29:26 PM to 1:29:57 PM, 1:33:00 PM to 1:33:25 PM. The fact that the People did not produce a statement from the victim requesting the case be dismissed or a statement from an Office of the Attorney General Investigator describing the victim's reluctance is not sufficient to establish bad faith. The People are entitled to a presumption of good faith, and the reason provided—witness unavailability—is a vail reason to bring a motion to dismiss. *Gutierrez*, 2005 Guam 19 ¶¶ 51–52.

The Defendant questioned whether dismissal was being sought for an improper purpose and expressed concern that dismissal might be used to stop the speedy trial clock. *Pre-Trial Conference Hr'g Mins. of 7/29/2025* at 1:28:29 PM, 1:30:43 PM. But the Defendant filed no written response after the Court issued a briefing schedule, and defense counsel failed to appear at the March 30, 2026, hearing to argue the issue of prejudice. The Defendant has accordingly presented no evidence that the People sought dismissal to harass him, evade his speedy trial rights, gain a tactical advantage, or otherwise act in bad faith. *See Gutierrez*, 2005 Guam 19 ¶¶ 53–57. He has therefore failed to rebut the People's presumption of good faith.

**B. The *Aromin* factors favor dismissal without prejudice.**

**1. The charged offenses are serious.**

The first factor under *Aromin* weighs in favor of dismissal without prejudice. The Guam Supreme Court has recognized that "the more serious the offense, the more weight should be given to dismissal without prejudice." *Aromin*, 2014 Guam 3 ¶ 23 (citing *United States v. Clymer*, 25 F.3d 824, 831 (9th Cir. 1994)). Here, the Indictment charges the Defendant with two second-degree felony offenses and three misdemeanor offenses arising from alleged conduct directed at the same

victim. *Indict* at 1–2. The attempted kidnapping charge is particularly serious because it requires not only unlawful confinement of another, but also the special intent to inflict bodily harm on or terrorize that person. The charge of Attempted Second Degree Robbery is similarly serious because it also requires an element of violence; specifically, the threat of immediate serious bodily injury. *Indict.* at 2; 9 G.C.A. § 40.20(a)(2). Furthermore, both felony offenses were charged with sentencing enhancements under 9 G.C.A. § 80.37.1 because the Defendant was already facing trial on other felony charges. The misdemeanor offenses also allege acts of violence and threats. *Indict.* at 3. While the offenses are classified as misdemeanors, they are still serious because of the violent nature of the underlying conduct. For these reasons, the Court finds that the first *Aromin* factor weighs in favor of dismissal without prejudice.

## 2. The facts and circumstances do not support dismissal with prejudice.

The second *Aromin* factor also favors dismissal without prejudice. This factor considers the facts and circumstances surrounding the length of delay, government conduct, and actual prejudice to the defendant. *Aromin*, 2014 Guam 3 ¶ 21. In *Aromin*, the Guam Supreme Court affirmed the trial court's refusal to dismiss with prejudice where the defendant presented no support showing actual prejudice, such as unavailable witnesses or missing or deteriorated evidence, and was not "languishing in jail" awaiting initiation of the case. *Id.* ¶ 24.

Here, the facts leading to dismissal are straightforward. The People sought dismissal on July 29, 2025, after representing that the alleged victim did not want to testify or pursue charges and after explaining at the hearing that the issue was witness availability. Mot. Dismiss at 1; *Pre-Trial Conference Hr'g Mins. of 7/29/2025* at 1:27:51 PM to 1:29:57 PM. The Court granted dismissal that day and stated the Defendant would be released on this matter. *Pre-Trial Conf. Hr'g Mins. of 7/29/2025* at 1:30:21 PM, 1:35:36 PM. Although the Defendant had asserted his statutory speedy trial right on June 16, 2025, he has not shown that the People moved to dismiss to evade

that right or that any delay caused actual prejudice to his defense. The record also reflects that, by the March 30, 2026, hearing, the Defendant's custodial status was attributable to a separate case in which he had proceeded to trial, was convicted by a jury, and was awaiting sentencing. *Mot. Hr'g Mins. of 3/30/2026* at 9:16:00 AM to 9:16:57 AM.

Defendant's concern that dismissal might affect a future speedy trial calculation does not, standing alone, warrant dismissal with prejudice. If the People refile, Defendant may raise any available speedy trial, statutory, or constitutional defenses in that proceeding. The question here is whether this dismissal should bar reprosecution altogether. Because the record does not show actual prejudice to the Defendant or bad faith by the People, the second *Aromin* factor weighs in favor of dismissal without prejudice.

### 3. Reprosecution would not adversely affect the administration of justice.

The third *Aromin* factor—the impact of reprosecution on the administration of justice—also favors dismissal without prejudice. Dismissal with prejudice is a severe sanction. By contrast, dismissal without prejudice is not "a toothless sanction," because it requires the People to obtain a new indictment if they decide to reprosecute, and may expose a future prosecution to statute-of-limitations or other procedural defenses. *Aromin*, 2014 Guam 3 ¶ 25 (quoting *Taylor v. United States*, 487 U.S. 326, 342 (1988)).

The administration of justice is not served by dismissing serious charges with prejudice where the dismissal was based on witness availability and where the defendant has not shown bad faith or actual prejudice. The alleged conduct includes attempted unlawful confinement, alleged threats creating fear of immediate serious bodily injury, and other violent acts. *Indict.* The public interest in allowing the People to reassess and, if appropriate, reprosecute serious allegations weighs against an order permanently barring prosecution. At the same time, dismissal without

prejudice preserves the Defendant's ability to challenge any future prosecution based on speedy trial, limitations, prejudice, or other grounds.

Moreover, the statute of limitations for a second-degree felony is three years after its commission. 8 GCA § 10.20(c). The allegations set forth in the Indictment aver that the incident occurred on April 22, 2025; therefore, the People must bring charges against the Defendant based upon the allegations set forth in the Indictment by April 21, 2028. Dismissal with prejudice at this time would permanently bar prosecution for these offenses in the event that the named victim becomes available to testify at the trial.

After weighing the *Aromin* factors, the Court finds that the seriousness of the charged offenses, the circumstances of the victim's unavailability leading to dismissal, the absence of demonstrated bad faith or actual prejudice, and the limited adverse impact of any potential reprosecution all support dismissal without prejudice.

## CONCLUSION

For the reasons set forth above, the People's Motion to Dismiss Without Prejudice is **GRANTED**.

**SO ORDERED** this 29th day of July, 2026.

_____
**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

SERVICE VIA EMAIL.
I acknowledge that an electronic
copy of the original was e-mailed to:

A6, Fisher

Date: 7/24/26 Time: 4:45pm
Albert Cal Suv ac
Deputy Clerk, Superior Court of Guam